**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**FOREST CONSERVATION COUNCIL,**

      Plaintiff,

      v.                                    **CIVIL NO. 01-1259 DJS/RLP**

**U.S. DEPT. OF LABOR,**
**BUREAU OF LABOR STATISTICS,**

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court upon Plaintiff's Motion for Summary Judgment filed September 16, 2002 (Docket No. 18) and Defendant's Cross-Motion for Summary Judgment filed December 2, 2002 (Docket No. 25). Those motions were ripe for decision as of February 21, 2003. Pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, this case has been assigned to a Magistrate Judge for final disposition.

      Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits,

1

"show that there is no genuine issue as to any material fact..." Id. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal citations and quotations omitted). The material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion. Harsha v. United States, 590 F.2d 884, 887 (10th Cir. 1979).

Plaintiffs brought this action pursuant to the Freedom of Information Act (FOIA) 5 U.S.C. §552 seeking to compel Defendant to produce information regarding wages and employment gathered from the state of New Mexico. Defendant releases much of this date in an aggregated, statistical form for public use. Plaintiff submitted a FOIA request seeking more specific data, much of which was withheld by Defendant under a claim of Exemption 4 of the Act, described at 5 U.S.C. §552(b)(4).

The FOIA "provides the public with a right of access to federal agency records." Herrick v. Garvey, 298 F.3d 1184, 1189 (10th Cir.2002). Its "purpose is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." Id. (quotations omitted). The right of access, however, is subject to nine exemptions. See §5 U.S.C. 552; Id.. Congress created the exemptions because it realized that legitimate government and private interests could be harmed by release of certain types of information. United States Dep't of Justice v. Julian, 486 U.S. 1, 8 (1988) (quotation omitted). Further, jurisdiction under the FOIA is limited to enjoining federal agencies from withholding agency records and ordering the production of agency records improperly withheld. 5 U.S.C. §552(a)(4)(B). FOIA only requires that agencies to disclose records which they possess or control. Kissinger v.

Reporters Committee for Freedom of the Press, 445 U.S. 136, 151-2 (1980). Nonetheless, the "FOIA is to be broadly construed in favor of disclosure, and its exemptions are to be narrowly construed." Herrick, 298 F.3d at 1189 (quotation omitted). Government agencies which have refused to release documents bear the burden of justifying their nondisclosure. Id.

At issue in this instance is wage and employment data collected by Defendant for each county in New Mexico for the third quarters of the years 2000, 1985, and 1970. Specifically, Plaintiff sought information regarding the number of business establishments in each county, the average number of employees, the covered total wages of those employees, and their average weekly wages. Plaintiff requested that the data be produced to it by "4-digit standard industrial classification codes", known as SIC codes. SIC codes are specific industry codes assigned to businesses in the covered wage and employment program and are assigned by each state based upon the main business activities listed by the employer on forms it submits to the state. There are four levels of specificity within each category of SIC codes, referred to as one, two, three, and four digit levels. The four digit SIC codes are the most detailed or specific. As noted, Defendant refused to release most of the four digit SIC code information based upon the position that it fell within Exemption 4 of the FOIA.

Exemption 4 of the FOIA forbids public disclosure of "trade secrets and commercial or financial information obtained from a person and privileged or confidential." §5 U.S.C. 552(b)(4). In 1974, the D.C. Circuit adopted a test for interpreting this terse reference to confidential information. The court said that a commercial or financial matter is confidential when "disclosure of the information is likely to have either of the following effects: (1) to impair the Government's ability to obtain necessary information in the future; or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained." Nat'l Parks & Conservation Ass'n

v. Morton, 498 F.2d 765, 770 (D.C.Cir.1974). This test, known as the National Parks test, has been recognized and applied by the Tenth Circuit Court of Appeals when construing Exemption 4. Anderson v. Dep't of Health & Human Services, 907 F.2d 936, 947 (10th Cir.1990).

The purpose of Exemption 4 is "to protect the confidentiality of information which is obtained by the Government ..., but which would customarily not be released to the public by the person from whom it was obtained." Critical Mass Energy Project v. Nuclear Regulatory Comm'n, 975 F.2d 871, 877 (D.C.Cir.1992) (quoted in Herrick, 298 F.3d 1184, 1193).

Plaintiff argues that it only seeks aggregated information compiled by Defendant's statisticians. Plaintiff further asserts that such information does not implicate Exemption 4. In contrast, Defendant contends that release of information at the level of detail sought by Plaintiff will inevitably compromise the identity of individual employers and disclose confidential information such as payroll and wage levels. Defendant further argues that it will be unable to obtain much of the information in the future because disclosure in accordance with Plaintiff's request would endanger cooperative agreements with the state of New Mexico. Defendant asserts that individual states are the sole source of much of the information necessary to its function and that, absent their voluntary provision of wage and employment information, it could not fulfill its purpose.

In determining whether a showing of substantial competitive injury has been made, "the court need not conduct a sophisticated economic analysis of the likely effects of disclosure." Utah v. United States Dept. of Interior, 256 F.3d 967, 970 (10th Cir. 2001) (quoting Public Citizen Health Research Group v. Food & Drug Admin., 704 F.2d 1280, 1291 (D.C.Cir.1983)). Although conclusory and generalized allegations of substantial competitive harm cannot support an agency's decision to withhold requested documents, actual economic harm need not be proved. Id. (quotation

4

omitted). Evidence demonstrating the existence of potential economic harm is sufficient. Id.

Defendant has demonstrated the existence of potential harm or impairment to its ability to collect information in the future. First, Defendant asserts and Plaintiff does not contest the fact that it receives most of the information at issue in this case from the state of New Mexico, which provides the data voluntarily. Other states similarly provide the same type of data. Next, Defendant submitted the affidavit of Gerry Bradley, the manager of the Economic Research and Analysis Bureau of the New Mexico Department of Labor, indicating that New Mexico does not customarily release the ES-202 data provided to Defendant to the public. Appendix of Exhibits to Defendant's Motion for Summary Judgment (Docket No. 29), Ex. D. Bradley's affidavit also establishes that the state of New Mexico will no longer voluntarily provide the information if it is disclosed by Defendant. Id. By showing that its ability to gather the information at issue in the future is at risk, Defendant has demonstrated that the information sought by Plaintiff falls within Exemption 4 of the FOIA.

Defendant asserts that even if Exemption 4 did not apply to the information sought by Plaintiff, disclosure of the information would be prevented by the Confidential Information Protection and Statistical Efficiency Act of 2002 (CIPSEA), signed into law on December 17, 2002. Pub.L.No. 107-347, 116 Stat. 2899, 2962. That statute prevents disclosure of data or information in identifiable form if the information is acquired by an agency under a pledge of confidentiality for exclusively statistical purposes, absent the informed consent of the entity providing the data. CIPSEA §512(b)(1). Defendant argues that the statute therefore provides an independent ground for denying the data request pursuant to Exemption 3 of the FOIA, which exempts from disclosure matters specifically excluded by statutes which meet various qualifications. 5 U.S.C. §552(b)(3). However, the parties dispute and have submitted conflicting affidavits regarding whether the information at issue in this

case is in an "identifiable form".

The question of whether or not 4-digit SIC code information for certain New Mexico counties discloses confidential information regarding individual business entities constitutes a disputed material fact and renders the application of CIPSEA as well as the second half of the National Parks test unsuitable for summary judgment purposes. Because Defendant has shown that disclosure of the material sought by Plaintiffs would impair its ability to gather the information in the future, it has met the second prong of the National Parks test and demonstrated that the material falls within Exemption 4 of the FOIA. Consequently, Defendant has met its burden of justifying non-disclosure and summary judgment in its favor is appropriate.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for summary judgment is denied and Defendant's motion for summary judgment is granted. This action is hereby dismissed with prejudice.

                                                                                   _____
                                                                                   **DON J. SVET**
                                                                                   **UNITED STATES MAGISTRATE JUDGE**